UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM FREEMAN,  Plaintiff,  v.  CAROLYN W. COLVIN, Acting Commissioner of Social Security,  Defendant. | No.  2:13-cv-1388 AC  ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act.  The parties' cross motions for summary judgment are pending.  For the reasons discussed below, the Court will grant in part plaintiff's motion for summary judgment, and will deny defendant's cross-motion for summary judgment.

PROCEDURAL BACKGROUND

Plaintiff filed an application for SSI on December 3, 2008, alleging disability beginning on August 1, 1986.  Administrative Record ("AR") 114.  Plaintiff's application was denied initially and again upon reconsideration.  Id.  On August 17, 2010, a hearing was held before administrative law judge ("ALJ") Jean R. Kerins.  Id.  Plaintiff appeared with attorney representation at the hearing, at which he and a vocational expert testified.  Id.  In a decision

1

dated November 23, 2010, the ALJ found plaintiff not disabled. AR 121. On April 27, 2012, the Social Security Appeals Council granted plaintiff's request for review and remanded his case for reconsideration. AR 127–29. The Appeals Council directed the ALJ to: (1) further evaluate plaintiff's mental impairments in accordance with the technique described in 20 C.F.R. 416.920a; (2) give further consideration to the claimant's maximum residual functional capacity during the entire period at issue and provide rationale with specific references to evidence of record in support of assessed limitations (Social Security Ruling 96-8p); and (3) if warranted by the expanded record, obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base (Social Security Ruling 83-14). AR 128. Upon reconsideration, ALJ Jean R. Kerins again found plaintiff not disabled. AR 32. The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant has not engaged in substantial gainful activity since December 3, 2008, the application date.
>
> 2. The claimant has the following severe impairments: diabetes mellitus I, gastroparesis, asthma.
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 10 CFR 416.967(a) except that the claimant can stand and walk less than 2 hours daily. The claimant has unlimited sitting ability. The claimant requires the use of an assistive device for balancing and all ambulation. The claimant could occasionally climb. The claimant has unlimited balance and stand ability. The claimant had unlimited ability to stoop, kneel, crawl, and crouch. The claimant could reach, handle, and finger without difficulty bilaterally. The claimant could feel on an occasionally [sic] basis. The claimant could never work at heights, secondary to his neuropathy. The claimant should not work around pulmonary irritants.
>
> 5. The claimant has no past relevant work.
>
> 6. The claimant was born July 8, 1978 and was 30 years old, which is defined as a younger individual age 18-44, on the date the application was filed.
>
> 7. The claimant has at least a high school education and is able to communicate in English.

       8.  Transferability of job skills is not an issue because the claimant does not have past relevant work.

       9.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

       10. The claimant has not been under a disability, as defined in the Social Security Act, since December 3, 2008, the date the application was filed.

AR 16–32.

Plaintiff requested review of the ALJ's decision by the Appeals Council, but it denied review on May 10, 2013, leaving the ALJ's decision as the final decision of the Commissioner of Social Security.  AR 1-3.

## FACTUAL BACKGROUND

Born on July 8, 1978, plaintiff was 8 years old on the alleged onset date of disability and 34 years old at the time of the administrative hearing.  AR 14, 31.  Plaintiff has not engaged in substantial gainful activity for approximately 15 years.  AR 57.

## LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied.  Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive.  See Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is more than a mere scintilla, but less than a preponderance.  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996).  "It means such evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)).  "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice."  Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court

nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Sec' y of Health and Hum. Servs., 846 F.2d 573, 576 (9th Cir. 1988); see also Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in her decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); see also Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003).

The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Comm'r, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## ANALYSIS

Plaintiff seeks summary judgment on the grounds that (1) the ALJ's residual functional capacity determination is internally inconsistent, unsupported by substantial evidence, and legally insufficient; (2) the ALJ's analysis of the medical opinions is legally insufficient; (3) the ALJ erred in determining that plaintiff was not fully credible; and (4) the ALJ's finding that plaintiff could perform work existing in significant numbers in the national economy and is therefore "not disabled" is not supported by substantial evidence and is legally erroneous. The Commissioner, in turn, argues that the ALJ's decision is supported by substantial evidence and is free from legal error. Further, the Commissioner seeks summary judgment on the grounds that (1) the ALJ reasonably found plaintiff's allegations of disabling symptoms less than credible in light of evidence that his condition was exacerbated by his failure to follow his treatment regimen, and

4

(2) the ALJ reasonably found that the treating physician's opinion of severe functional limitations had no probative value in light of the fact that multiple physicians opined that plaintiff was capable of work with limitations.  Plaintiff's Reply argues that (1) his supposed non-compliance with medications does not establish his lack of credibility by clear and convincing evidence, and (2) the Commissioner's explanations of the ALJ's medical opinion analysis relies on impermissible post-hoc rationalizations that are, in any case, insufficient to explain the ALJ's dismissal of the treating physician's medical opinion.

A.   Opinion Evidence

As a treating physician, the opinion of primary care physician Sohail Naseem, MD would ordinarily be accorded controlling weight.  However, the ALJ refused to grant his opinion such weight and instead favored the opinions of examining physicians, including Amul Garg, MD, an examining physician who performed an internal medicine consultative evaluation in April 2009; and Michael Kinnison, MD, an examining physician who performed an internal medicine consultative evaluation in May 2011.  AR 334–38, 507–11.  While the ALJ asserted reasons for according "no weight" to the opinion of the treating physician, the Court finds that the ALJ erred for the reasons discussed below.

   1.   Legal Standards

In the Ninth Circuit, courts "distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).  Generally, more weight should be given to a treating physician's opinion than to those who do not treat the claimant. Id.  A treating physician's opinion that is given controlling weight "must be adopted." See Social Security Ruling ("SSR") 99–2p ("Giving Controlling Weight to Treating Source Medical Opinions," at ¶ 6).[1]  To accord a treating physician's opinion controlling weight, the

---

[1] "SSRs do not carry the 'force of law,' but they are binding on ALJs nonetheless." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1224 (9th Cir. 2009).  The Ninth Circuit gives them deference so long as they do not produce "a result inconsistent with the statute and regulations." Bunnell v. Sullivan, 947 F.2d 341, 346 n.3 (9th Cir. 1991).

1  opinion must be (1) "well-supported by medically acceptable clinical and laboratory diagnostic
2  techniques"; and (2) "'not inconsistent' with the other substantial evidence in the case record."
3  See Orn, 495 F.3d at 631.  "Not inconsistent" means that "no other substantial evidence in the
4  case record . . . contradicts or conflicts with the opinion"; "substantial evidence" means "more
5  than a mere scintilla" such that a "reasonable mind would accept as adequate to support a
6  conclusion."  SSR 96–7p (Explanation of Terms).

7  "If a treating doctor's opinion is not contradicted by another doctor (i.e., there are no other
8  opinions from examining or nonexamining sources), it may be rejected only for 'clear and
9  convincing' reasons supported by substantial evidence in the record."  See Ryan v. Comm'r of
10 Soc. Sec. Admin., 528 F.3d 1194, 1198 (9th Cir. 2008); Lester, 81 F.3d at 830.  "If the ALJ
11 rejects a treating or examining physician's opinion that is contradicted by another doctor, he must
12 provide specific, legitimate reasons based on substantial evidence in the record."  Valentine v.
13 Comm'r of Soc. Sec. Admin., 574 F.3d 685, 692 (9th Cir. 2009); Ryan, 528 F.3d at 1198.[2]  "The
14 ALJ can meet this burden by setting out a detailed and thorough summary of the facts and
15 conflicting clinical evidence, stating his interpretation thereof, and making findings."  Magallanes
16 v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989).  Furthermore, "[w]hen an examining physician
17 relies on the same clinical findings as a treating physician, but differs only in his or her
18 conclusions, the conclusions of the examining physician are not 'substantial evidence.'"  Orn, 495
19 F.3d at 632.

20 Treating physicians' subjective judgments are important, and "properly play a part in their
21 medical evaluations."  Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988).  "The ALJ must
22 explain his own interpretations, and cannot merely list contrary opinions when stating that a
23 treating physician's opinion is unsupported."  Boardman v. Astrue, 286 F. App'x 397, 399–400
24 (9th Cir. 2008) (citing Regennitter v. Comm'r of Soc. Sec. Admin., 166 F.3d 1294 (9th Cir.
25 1999)).  If the ALJ fails to provide adequate reasons for rejecting a treating or examining

---

[2] As to the appropriate standard to apply in this case, the Commissioner appears to argue that the treating physicians' opinions are contradicted by the examining physicians' opinion.  The Court will therefore apply the "specific and legitimate" standard in this case.  AR 30–31.

6

1    physician's opinion, the Ninth Circuit credits the opinion as a matter of law.  <u>Benecke v.</u>
2    <u>Barnhart</u>, 379 F.3d 587, 594 (9th Cir. 2004).
3           2.      <u>Sohail Naseem, MD, Treating Physician</u>
4                   a.    <u>Relevant Background</u>
5    Dr. Sohail Naseem has been one of plaintiff's treating physicians since February 6, 2008,
6    when he diagnosed plaintiff with diabetes and gastroparesis and prescribed a treatment of Lantus
7    insulin, Reglan, and Belladonna.  AR 387.  Dr. Naseem's admitting diagnosis reveals that
8    plaintiff's chief complaint at the time was nausea, vomiting, and abdominal pain.  AR 388.
9    Plaintiff complained that he had been vomiting eight to ten times per day for the past seven days
10   and had stomach pains.  <u>Id.</u>  On February 7, 2009, plaintiff was admitted and treated for nausea,
11   vomiting, and abdominal pain.  AR 290–91.  At the time, he was taking two kinds of insulin
12   including Lantus, Phenergan, and Belladonna.  <u>Id.</u>  Upon his discharge on February 13, 2009,
13   plaintiff was diagnosed by another physician, Dr. Gagandeep Kaur, with nausea and vomiting
14   secondary to gastroparesis, diabetes, and diabetic neuropathy.  AR 395.  Dr. Kaur prescribed
15   plaintiff a diabetic diet with small, frequent, low fat and residue meals as well as Protonix,
16   Humalog and Lantus insulin, Donnatal, Reglan, Phenergan, ProAir, and Darvocet.  AR 396.  On
17   February 17, 2009, Dr. Naseem saw plaintiff for a hospital follow up and continued medications
18   for diabetic neuropathy, including Dilaudid.  AR 378.
19          From February 27 to March 5, 2009, plaintiff was hospitalized and diagnosed by another
20   physician at Dr. Naseem's clinic, Dr. Harkamal Singh, with uncontrolled diabetes, diabetic
21   gastroparesis, and esophageal ulcers.  AR 443–45.  At the time, plaintiff was noted to have had
22   uncontrolled blood sugar, was seen by a gastroenterology specialist, and underwent an endoscopy
23   which showed esophageal ulcers and diabetic gastroparesis.  <u>Id.</u>  Plaintiff was again admitted on
24   March 23, 2009, with a diagnosis of intractable nausea and vomiting related to gastroparesis,
25   esophageal ulcer, diabetes, and asthma.  AR 446–48.  Plaintiff again complained of abdominal
26   discomfort at that time.  <u>Id.</u>
27          On May 13, 2009, plaintiff met with Dr. Naseem in order to refill his prescription.  AR
28   436.  Dr. Naseem increased his Lantus insulin prescription and continued his abdominal

pain/gastroparesis medications. Id. From June 24 through 30, plaintiff was hospitalized with diagnosis of abdominal discomfort, likely gastroparesis, and insulin-dependent diabetes. AR 449. Plaintiff was also observed to have abdominal tenderness and blood emesis. Id.

On May 8, 2010, Dr. Naseem completed a Physical Residual Functional Capacity Questionnaire that identified plaintiff's limitations. AR 476–79. He opined that plaintiff was not capable of even low-stress jobs because of uncontrolled nausea and vomiting and extremely variable blood sugar levels that fluctuated between extreme highs and extreme lows. Id. Dr. Naseem also stated that plaintiff's work-related limitations include an ability to sit a total of approximately 45 minutes at one time, and stand/walk approximately 30 minutes at one time and four hours total in an eight hour workday. Id. He noted that plaintiff requires ready access to a restroom and would require at least a few unscheduled bathroom breaks during an eight hour workday. Id.

Dr. Naseem further opined as follows: (1) plaintiff's impairments had lasted or could be expected to last at least twelve months; (2) plaintiff is not a malingerer; (3) depression affects his physical condition; (4) his pain or other symptoms would often interfere with the attention and concentration needed to perform simple work tasks; and (5) plaintiff's impairments are reasonably consistent with his symptoms and functional limitations. AR 476–79. Dr. Naseem listed his clinical findings of abdominal pain, intractable nausea and vomiting, and treatment with insulin and Dilaudid, which may cause drowsiness. Id.

b. Analysis

The ALJ rejected Dr. Naseem's opinion as follows:

> The opinion of treating physician, Dr. Naseem is overly restrictive, as he assessed that the claimant's experience of pain is often severe enough to interfere with attention and concentration. He found that the claimant is incapable of even a "low stress" job (Ex. 16F). The undersigned notes that Dr. Naseem's opinion did not consider the claimant's admitted drug and alcohol abuse. The undersigned notes that the claimant admitted to drug abuse during the period when Dr. Naseem performed his evaluation. Dr. Naseem's assessment was inconsistent with the medical evidence, State agency findings, and consultive examination findings, as there was no mention or consideration of the claimant's drug use. Instead, Dr. Naseem appears to have based his findings on the claimant's subjective complaints, instead of the objective evidence. There is no support

8

>for Dr. Naseem's restrictive findings. Additionally, there is no longitudinal record of treatment by Dr. Naseem to support his findings.

AR 17.

The ALJ discounts Dr. Naseem's opinion in part because it does not address plaintiff's admitted drug and alcohol abuse, however the ALJ does not explain why this fact constitutes a specific, legitimate reason to reject Dr. Naseem's medical opinion. Id. When an ALJ comes to a conclusion that differs from a treating physician's, "[h]e must set forth his own interpretations and explain why they, rather than the doctors', are correct." Embrey, 849 F.2d at 421–22. Dr. Naseem's opinion did not consider the effect that substance abuse may have had on plaintiff's health, even though plaintiff admitted to substance abuse during the period that Dr. Naseem performed his evaluation. AR 17. The ALJ concludes that Dr. Naseem's medical opinion is contrary to the medical evidence because of this fact without explaining how knowledge of plaintiff's substance abuse would have affected Dr. Naseem's opinion, or how it undermines that opinion. Id. Therefore, the ALJ has not explained why her interpretation, rather than Dr. Naseem's, is correct. Accordingly, the ALJ erred in concluding that the fact that Dr. Naseem did not consider plaintiff's substance abuse meant that his medical opinion should not be given any weight.

Although the ALJ asserts that there are no objective findings to support Dr. Naseem's RFC, the Court notes that Dr. Naseem's conclusions are based on plaintiff's history and pain allegations, observations, extensive laboratory testing, and endoscopy. See, e.g., AR 413, 404–05, 318, 443–45. The Social Security regulations put medical evidence into two categories: "(1) Objective medical evidence, that is, medical signs and laboratory findings; and (2) Other evidence from medical sources, such as medical history, opinions, and statements about treatment." 20 C.F.R. §§ 404.1512(b), 416.912(b). The evidence of Dr. Naseem's ongoing examinations and treatment of plaintiff's condition are evidence supporting his medical opinion. Objective observations that support Dr. Naseem's findings include uncontrolled blood sugar levels, esophageal ulcers and diabetic gastroparesis revealed through endoscopy, and blood emesis. AR 443–45. Thus, the ALJ erred in concluding that there are no objective findings in the record

supporting Dr. Naseem's RFC assessment.

The ALJ also erred in concluding that Dr. Naseem's medical opinion was inconsistent with the medical evidence.  "The opinion of an examining physician who relies on the same clinical findings as a treating physician 'but differs only in his or her conclusions,' does not constitute substantial evidence." Evans v. Comm'r of Soc. Sec. Admin., 320 Fed. Appx. 593, 595 (9th Cir. 2009).  Because Dr. Garg, Dr. Kinnison, and Dr. Naseem all found that plaintiff has diabetes mellitus I, gastroparesis, and asthma, there is no inconsistency between Dr. Naseem's findings and the medical evidence, only a difference in the conclusions drawn from said findings.  AR 337, 510.  Dr. Naseem's evaluation thus does not substantively contradict that of Dr. Garg or Dr. Kinnison.  AR 476–79, 334–38, 507–11.  The differences that do exist relate primarily to plaintiff's uncontrolled nausea and vomiting, which neither Dr. Garg nor Dr. Kinnison opined on at all.  While there are some minor differences in restrictions, these only constitute differences in conclusions, which are not sufficient to discount a treating physician's opinion.  AR 476–79, 334–38, 507–11

The ALJ also asserts that Dr. Naseem's medical opinion is undermined by plaintiff himself, who reported functional ability beyond that opined by Dr. Naseem.  AR 28.  However, the limited daily activities that plaintiff conceded to performing do not, in fact, contradict Dr. Naseem's opinion.  In determining a claimant's residual functional capacity, the ALJ may consider any of the claimant's daily activities that "may be seen as inconsistent with the presence of a condition which would preclude all work activity." Curry v. Sullivan, 925 F.2d 1127, 1130 (9th Cir. 1990).  The ALJ may also take into consideration any of claimant's daily activities that "involve[e] the performance of physical functions that are transferable to a work setting." Orn, 495 F.3d at 639 (citation omitted).  However, a claimant should not be "penalized for attempting to lead [a] normal [life] in the face of [her] limitations." Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1989).  Furthermore, "many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989).  Plaintiff reported being able to do light cooking, shop for groceries, do laundry, drive, and generally take care of his

1  personal needs. AR 28, 224, 279–80. Contrary to the ALJ's assertions, such everyday activities
2  are not necessarily at odds with Dr. Naseem's assessment that plaintiff's uncontrolled nausea,
3  vomiting, and highly variable blood pressure preclude him from working in even "low stress"
4  jobs. AR 478. Thus, the ALJ erred in concluding that plaintiff's reported daily activities
5  contradicted the treating physician's medical opinion regarding his residual functional
6  capabilities.

7  For all these reasons, the Court finds that the ALJ has failed to provide specific, legitimate
8  reasons supported by substantial evidence for discounting Dr. Naseem's opinion. In light of the
9  ALJ's error, the Court declines to reach plaintiff's arguments regarding his residual functional
10 capacity and disability determinations. The Court also declines to consider plaintiff's additional
11 argument that the ALJ erred by finding plaintiff's testimony to be less than credible. However,
12 the ALJ should assess plaintiff's credibility on remand in accordance with the Ninth Circuit's test
13 as described in Lingenfelter v. Astrue, 504 F.3d 1028, 1036 (9th Cir. 2007). Because the ALJ's
14 disability determination is not supported by substantial evidence, it is erroneous.

15 D.      Remand

16 Plaintiff requests that the decision of the ALJ be vacated and his case be remanded for a
17 new hearing. The decision whether to remand for further proceedings turns upon the likely utility
18 of such proceedings. Barman v. Apfel, 211 F.3d 1172, 1179 (9th Cir. 2000). In this matter, this
19 Court concludes that outstanding issues remain that must be resolved before a determination of
20 disability can be made. On remand, the ALJ shall properly consider the opinions of plaintiff's
21 treating physician and shall re-evaluate plaintiff's residual functional capacity and disability
22 determination accordingly.

23 Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that:
24    1.   Plaintiff's motion for summary judgment (ECF No. 17) is granted in part;
25    2.   The Commissioner's cross-motion for summary judgment (ECF No. 18) is denied;
26 and
27 ////
28 ////

```
```

3. This matter is remanded for further proceedings consistent with this order.

DATED: August 21, 2014

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE